[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence February 11, 1993 Date of Application February 11, 1993 Date Application Filed February 11, 1993 Date of Decision June 22, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Tolland at Rockville, Docket No. CR91-004 70 72.
Kweku Hanson, Esq. — For the Petitioner.
Patricia Swords, Esq. — For the State. CT Page 6955-A
BY THE DIVISION
The petitioner plead guilty under the Alford Doctrine to one count of Robbery in the First Degree in violation of Conn. Gen. Stat. 53a-134 and to Larceny 4th Degree in violation of53a-125(a). He was sentenced to 12 years execution suspended after eight years with 3 years probation on the first count and 1 year concurrent on the second count.
The facts show that a drug store was robbed by two people in which one was carrying a handgun. After the robbery the getaway car was involved in a serious automobile accident. The petitioner received serious head and brain injuries in the accident. CT Page 6955-B
Counsel for the petitioner claimed that the sentence imposed was "excessive" for many reasons; he was punished in the subsequent accident; he did not have a significant criminal history; he was drunk at the time of the crime; the co-defendant possessed the gun and the co-defendant received the benefits of the robbery. Counsel also argued that the petitioner came from a good family, he had a young daughter and his client was an excellent prospect for rehabilitation. Lastly, he noted that no one was hurt during the robbery.
Petitioner stated he was drunk at the time of the crime and admitted it was a stupid act he performed on behalf of friendship. He asked that his sentence be lowered so he could be with his daughter.
The attorney for the state noted that she gave the petitioner consideration for the injuries he received in the accident by reducing the robbery from a § 53a-134(A)(2) to a § 53a-134(A)(4). She also nolled a second robbery that involved the petitioner. She stated that the gun was pointed at a CT Page 6955-C customer and that the petitioner showed little job history or interest in education. She stated that the petitioner's history indicated drug, and/or alcohol use.
In reviewing the remarks of the sentencing judge, we find a responsible blend of reviewing the nature of the crime, the danger the petitioner posed to society and the affect the crime had on the direct victims. The Division finds the sentence to be appropropriate [appropriate] in accordance with Practice Book § 942.
The sentence is affirmed.
Norko, J.
Purtill, J.
Miano, J.
Norko, J., Purtill, J., and Miano J., participated in this decision. CT Page 6955-D